IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Thomas, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 1913 |
| Carson Smithfield, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Robert Thomas, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Robert Thomas ("Thomas"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for a Merrick Bank credit card, despite the fact that he had exercised his rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Carson Smithfield, LLC ("Carson"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the telephone and/or the mail to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Illinois. In fact, Carson was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Carson is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Carson is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Thomas is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including the debt he allegedly owed for a Merrick Bank credit card. When Carson began trying to collect this debt from Mr. Thomas by calling his home, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding Carson's collection actions.

8. Accordingly, on February 6, 2017, one of Mr. Thomas' attorneys at LASPD informed Carson, in writing, that Mr. Thomas was represented by counsel, and directed Carson to cease contacting him, and to cease all further collection activities because Mr. Thomas was forced, by his financial circumstances, to refuse to pay his unsecured

debts. A copy of this letter is attached as Exhibit C.

9. Nonetheless, Defendant Carson continued to call Mr. Thomas directly, including, but not limited, telephone calls on February 16, 2017 and February 18, 2017, from telephone number 800-634-7404, regarding payment of the debt at issue.

10. Accordingly, on February 20, 2017 one of Mr. Thomas' LASPD attorneys had to write to Defendant Carson to demand, yet again, that it cease communications and cease collection of the debt. A copy of this letter is attached as Exhibit D.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that his demand had been futile and that he did not have the rights Congress had granted him under the FDCPA.

12. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether he was still represented by counsel as to this debt, which caused stress and confusion as to whether he was required to pay the debt at issue.

13. Defendant Carson's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant Carson's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Thomas' attorneys at LASPD told Defendant Carson to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Carson violated § 1692c(c) of the FDCPA.

18. Defendant Carson's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant Carson knew that Mr. Thomas was represented by counsel in connection with this debt because his attorneys at LASPD had informed Defendant, in

writing (Exhibit C), that he was represented by counsel, and had directed Defendant Carson to cease directly communicating with him. By directly calling Mr. Thomas, despite being advised that he was represented by counsel, Defendant Carson violated § 1692c(a)(2) of the FDCPA.

22. Defendant Carson's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Robert Thomas, prays that this Court:

1. Find that Defendant Carson's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Thomas, and against Defendant Carson, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Robert Thomas, demands trial by jury.

Robert Thomas,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 10, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com